IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| COLONIAL BEACH YACHT CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:09CV662-HEH ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Granting Defendant's Motion for Judgment on the Pleadings)

This is a civil action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), *et seq.*, based on the alleged negligence of the Army Corps of Engineers (the "Corps") in issuing a permit for the construction of a new pier and fuel dock on a navigable body of water. It is presently before the Court on Defendant's Motion for Judgment on the Pleadings (Dk. No. 17), filed on March 3, 2010. The parties have filed extensive memoranda stating their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant the Defendant's Motion.

### I. Background

On April 20, 2002, a vessel exploded at the Colonial Beach Yacht Center, Inc.

("Colonial") in Colonial Beach, Virginia. The explosion destroyed 122 of the 163 permanent boat slips, all of the transient dockage at the facility, and the existing fuel dock. As a result, Colonial decided to rebuild the marina facilities and held a meeting with the Corps and the Virginia Marina Resource Commission ("Commission"). At the meeting, Colonial informed the Corps and Commission representatives they would like to reconfigure the marina for a more efficient flow of boat traffic in and out of the area. They further explained that the proposed structure would encroach on the Monroe Bay Federal Navigation Channel (the "Channel"). Despite the encroachment, the Corps agreed to allow the marina construction to proceed.

In 2003, Colonial submitted an application for a building permit to the Corps, including drawings of the revised configuration of the marina that displayed the Channel encroachment. On February 12, 2004, the Corps sent a permit verification letter to Colonial authorizing them to proceed with the marina project. In the letter, the Corps granted Colonial's application for a Norfolk District Regional Permit 19 (the "Permit").[1] The terms of the Permit set forth special and general conditions governing the project, effective from August 14, 2003 through August 14, 2008. Importantly, however, the

---

[1] Colonial's proposed project was to reconstruct a commercial marina, not a facility for private use. Attached to the Complaint as Exhibit 1, Colonial incorrectly submits the general provisions of a Corps private use permit, Regional Permit 03-RP-17. In their Memorandum in Support of Defendant's Motion for Judgment on the Pleadings, the Defendant attaches as Exhibit B, the Regional Permit 03-RP-19. This Corps issued permit authorizes the construction of commercial use facilities in waters of the Commonwealth of Virginia.

2

Permit contained provisions allowing the Corps to reevaluate its permitting decision, and in such circumstances, requiring Colonial to remedy such problems without expense to the United States.[2] In accordance with these terms, Colonial completed construction of the marina.

On February 7, 2007, the Corps notified Colonial that its new pier penetrated into the Channel by 27 feet and was a hazard to navigation. The Corps provided Colonial with two options: (1) removing or relocating the pier at its own expense or (2) pursuing a partial or complete de-authorization of the Channel. Under protest, Colonial removed the encroaching pier at the expense of approximately $94,022.61.

On October 16, 2009, Colonial filed a Complaint against the United States of America (the "Defendant"), as acting through its agency, the Corps. In the Complaint, Colonial alleged negligence pursuant to the FTCA.[3] Colonial claims the Corps had a duty to comply with applicable laws and regulations and breached that duty when it issued a permit not in accordance with those laws and regulations. In Colonial's view, the failure

---

[2] In paragraph 23, the Permit states the "Norfolk District may reevaluate its decision on your authorization under this permit at any time the circumstances warrant." Also, in paragraph 24, the Permit requires the permittee to "agree that, if future operations by the United States require the removal, relocation, or other alteration, of the structure or work herein authorized, or if, in the opinion of the Secretary of the Army or his authorized representative, said structure or work shall cause unreasonable obstruction to the free navigable waters, the permittee will be required, upon due notice from the Corps of Engineers, to remove, relocate, or alter the structural work or obstructions caused thereby, without expense to the United States."

[3] The parties do not dispute that Colonial exhausted all its administrative remedies before the filing of this Complaint, as required under 28 U.S.C. § 2675.

of the Corps to properly execute its duty constituted actionable negligence. The United States counters that such deliberative acts are shielded by sovereign immunity. Colonial seeks judgment in the amount of $94,022.61, plus costs, attorney's fees, interest, and lost profits.

Defendant has filed this Motion for Judgment on the Pleadings, pursuant to Federal Rules of Civil Procedure 12(c), 12(b)(1) and (b)(6).

## II. Standard of Review

A motion for judgment on the pleadings under Rule 12(c) utilizes the same standard as a motion made pursuant to Rule 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). In considering a motion to dismiss under Rule 12(b)(6) or Rule 12(c), the Court must assume that the allegations in the non-moving party's pleadings are true and construe all facts in the light most favorable to the non-moving party. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party," indicate that the dispute "can . . . be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000); *see also A.S. Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 192 (4th Cir. 1964) (discussing whether "it was proper to enter judgment as a matter of law" under Rule 12(c)).

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of a

complaint. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When addressing such a motion, the court must initially determine whether it is a facial or factual challenge, as there are two different ways to present such a motion, each with its own standard of review. *Id.* First, if the 12(b)(1) motion is a facial challenge asserting "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based[,]" then "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* Second, if the motion is a factual challenge, asserting that the allegations are factually untrue, the "trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.*

Traditionally, a motion to dismiss under 12(b)(6), or by extension a motion for failure to state a claim under 12(c), "tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C.*, 980 F.2d at 952. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are

5

"merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. Analysis

In the present case, Colonial's claim under the FTCA is predicated on the assumption that the Defendant has waived its sovereign immunity. The Defendant, however, contends that the actions of the government officials at issue were discretionary in nature, thereby falling outside the FTCA. Consequently, the United States has not waived sovereign immunity and Colonial's claims should be dismissed for lack of subject matter jurisdiction. Specifically, in its Rule 12(b)(1) facial challenge, the Defendant asserts that: (1) Colonial fails to establish that a private person would be subject to liability under Virginia law in the circumstances alleged in the Complaint, a prerequisite to FTCA liability, 28 U.S.C. § 1346(b)(1), and (2) Colonial's claims are barred by the discretionary function exception of the FTCA, 28 U.S.C. § 2680(a).

The United States may be sued only to the extent that it has waived sovereign immunity by enacting a specific statute consenting to suit. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "All waivers of sovereign immunity must be 'strictly construed . . . in favor of the sovereign.'" *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) [internal citations omitted]. "For that reason, it is the plaintiff's burden to

show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim." *Id.* at 651. "[T]o sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2097 (1996). "If the plaintiff fails to meet this burden, then the claim must be dismissed." *Id.*

The FTCA creates a limited waiver of the United States' sovereign immunity by authorizing damage actions

> for injury or loss of property . . . caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

"The Act does not create new causes of action; 'the mere allegation of a breach of duty under Federal law does not, by itself, state a valid tort claim against the Government.'" *Florida Auto Auction of Orlando, Inc. v. United States*, 74 F.3d 498, 502 (4th Cir. 1996) (citing *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 969 (4th Cir. 1992)). Instead, the Act "only serves to convey jurisdiction when the alleged breach of duty is tortious under *state* law, or when the Government has breached a duty under federal law that is analogous to a duty of care recognized by state law." *Goldstar (Panama) S.A.*, 967 F.2d at 929 (emphasis in original); *see also Rayonier, Inc. v. United States*, 352 U.S. 315,

319 (1957).

Moreover, the waiver of sovereign immunity under the FTCA is subject to several exceptions. "The most important of these exceptions . . . is the discretionary function exception," *McMellon v. United States*, 387 F.3d 329, 335 (4th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 974 (2005). In this exception, the United States is not liable for "[a]ny claim . . . based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "The Supreme Court has held that the discretionary function exception applies when 1) the relevant conduct involves an element of judgment or choice on the part of the Government actor and 2) the conduct involves considerations of public policy." *Goldstar (Panama) S.A.*, 967 F.2d at 970 (citing *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988)). "If the discretionary function exception does apply, the district court must dismiss the affected claims for lack of subject matter jurisdiction." *Indemnity Ins. Co. of North America v. United States*, 569 F.3d 175, (4th Cir. 2009).

Here, Colonial has failed to demonstrate the Government's "unequivocal waiver of sovereign immunity." *Welch*, 409 F.3d at 650. First, as seen under 28 U.S.C. § 1346(b)(1), Colonial must show that their allegations fall within the limited waiver of "damage actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006). In

8

their Complaint, Colonial alleged the Corps was negligent in failing to comply with "applicable laws and regulations" when they issued the pier restoration Permit. There is a clear distinction between negligent acts which constitute tortious conduct under state law and the exercise of the statutory decision making authority vested in the Corps under 33 U.S.C. § 320.2. Clearly no private citizen acting in a non-governmental capacity could be held liable under Virginia law for a decision made under § 320.2.[4] Plaintiff has offered no compelling Virginia authority to the contrary.

Additionally, even if the Defendant may be held liable, Colonial's Complaint fails to plead sufficient facts to support a reasonable inference that the Corps was negligent in complying with the "applicable laws and regulations" surrounding the issuance of such a Permit. *Twombly*, 550 U.S. at 556; *see also Iqbal*, 129 S. Ct. at 1949. Indeed, the language of the permit itself reserves the right to modify its terms.

Second, Colonial has failed to prove that the discretionary function exception does not apply. Normally, "[t]o determine whether conduct by a federal agency or employee fits within the discretionary function exception, we must first decide whether the challenged conduct 'involves an element of judgment or choice[,]'" *Suter*, 441 F.3d at 311, "or is based on considerations of public policy." *Berkovitz*, 486 U.S. at 536-37.

---

[4]Colonial argues in their Memorandum in Opposition to Motion for Judgment on the Pleadings that the Norfolk District of the Corps had a general duty of ordinary care under common law and a duty to follow its own permit policies and procedures. Specifically, Colonial alleges the Norfolk District negligently failed to send copies of Colonial's permit application and plans to the Baltimore District of the Corps, who they claim maintains oversight of the Channel. However, the facts surrounding this argument are wholly absent from the Complaint and will not be considered in this present Motion.

9

However, the Fourth Circuit has specifically "held that the exercise of the function to issue permits is an unreviewable discretionary function." *Faust v. S.C. State Highway Dep't*, 721 F.2d 934, 939 (1983). Thus, this Court must find the issuance of the pier restoration Permit in this case falls under the discretionary function exception and accordingly, the Defendant is entitled to sovereign immunity. Therefore, for both reasons stated above, the Defendant's Motion for Judgment on the Pleadings is granted and this case is dismissed for lack of subject matter jurisdiction.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Defendant's Motion for Judgment on the Pleadings. In addition, because sovereign immunity also bars any future claims against the Defendant under the FTCA, the Court will dismiss Colonial's action with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 23, 2010
Richmond, VA